UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AKEEM MUHAMMAD,

          Plaintiff,

v.                              Case No. 3:11-cv-1202-J-25MCR

M. EPPERLEY, et al.,

          Defendants.

_____

**ORDER**

**I. Status**

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this case by filing a Civil Rights Complaint (Doc. #1). He is proceeding on a Second Amended Civil Rights Complaint (Doc. #51) (hereinafter SAC). He names the following correctional officers employed at Florida State Prison as the Defendants in this action: (1) Captain Michael Epperley; (2) Sergeant J. Burnsed; (3) Sergeant B. Williams; (4) Sergeant Michael Maddox; (5) Correctional Officer J. Kelsey; and (6) Correctional Officer T. Herring. Plaintiff claims that his rights under the Eighth Amendment were violated on August 27, 2011, when Defendants Williams and/or Burnsed used unnecessary and excessive force upon Plaintiff, the remaining Defendants failed to take steps to stop this abuse, and the Defendants thereafter tried to cover-up this use of force.

This cause is before the Court on Defendants' Motion for Summary Judgment (Doc. #68).[1] The Court had previously advised Plaintiff of the provisions of Fed. R. Civ. P. 56, and gave him an opportunity to respond. See the Court's Order (Doc. #3) at 3-4. Plaintiff has responded. See Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (Doc. #73). Thus, Defendants' Motion for Summary Judgment is ripe for review.

## II. Summary Judgment Standard

"Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "If the moving party meets this burden, 'the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor.'" Ekokotu v. Federal Exp. Corp., 408 F. App'x 331, 333 (11th Cir. 2011) (per curiam) (quoting Fickling v. United States, 507 F.3d 1302, 1304 (11th Cir. 2007)).

## III. Law and Conclusions

### A. Eighth Amendment Claim

The Eleventh Circuit has set forth the standard for an excessive use of force claim for an inmate:

> In both Fourteenth and Eighth Amendment excessive force claims, whether the use of

---

[1] The Court will refer to the exhibits submitted in support of Defendants' Motion for Summary Judgment as "Ex."

2

>force violates an inmate's constitutional rights "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) (establishing the standard for an Eighth Amendment excessive force claim); see Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (applying the Whitley test in a Fourteenth Amendment excessive force case). If force is used "maliciously and sadistically for the very purpose of causing harm," then it necessarily shocks the conscience. See Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987) (stating that the Eighth and Fourteenth Amendments give equivalent protections against excessive force). If not, then it does not.

Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (per curiam).

In this case, the parties have contradictory versions of what happened on August 27, 2011. On one hand, the Defendants assert that there was no use of force upon Plaintiff on August 27, 2011. They contend that they handcuffed Plaintiff, escorted him to the shower area for a shave, and returned him to his cell without incident. On the other hand, Plaintiff asserts that he was severely beaten in his cell after he was handcuffed, even though he was not resisting or posing any threat to the officers, that he blacked out or had a period of amnesia sometime during the beating, that he does not remember being escorted to the shower, that he regained consciousness in the shower, and that, as a result of the

3

beating, he had a concussion, abrasions, contusions and numerous bruises, including severe bruising to his ribs and sternum.

Both parties have submitted affidavits to support their respective positions. Additionally, Defendants have submitted videotapes depicting Plaintiff being escorted to and from the shower area. <u>See</u> Ex. E. This video evidence is inconclusive. Although Plaintiff can be seen walking to and from the shower, his gait appears to be somewhat unsteady and he is hunched over more than one would expect. Moreover, Plaintiff's medical records reflect that when Nurse Tara Archer examined Plaintiff on August 27, 2011, he had an abrasion on the right forehead, redness on the right side of his chest, a reddened area above the umbilicus, redness on the left clavicle and an abrasion to the left side of his lips. <u>See</u> Ex. L.[2] Accordingly Defendants' Motion for Summary Judgment will be denied with respect to Plaintiff's excessive force claim because there are genuine issues of material fact that prevent the entry of summary judgment at this stage of the proceeding.[3]

---

[2] Plaintiff asserts that the nurse failed to document some injuries and minimized the description of other injuries.

[3] Defendants also contend that they are entitled to qualified immunity with respect to Plaintiff's excessive force claim. <u>See</u> Motion for Summary Judgment at 28-30. Because there are material issues of fact with respect to this claim, the Court cannot address whether Defendants are entitled to qualified immunity until these disputed facts have been resolved.

4

### B. Conspiracy

Plaintiff claims that the Defendants violated his rights under the Eighth Amendment by conspiring to "cover-up Burnsed's use of unnecessary and excessive force on Plaintiff and Plaintiff's resulting physical injuries." SAC at 10. Defendants assert that Plaintiff has failed to allege sufficient facts to sustain a conspiracy charge, and this Court agrees.

> "[T]o sustain a conspiracy action under § 1983 . . . a plaintiff must show an underlying actual denial of [his] constitutional rights." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1370 (11th Cir. 1998) (citing Slavin v. Curry, 574 F.2d 1256, 1262 (5th Cir. 1978), modified on other grounds on denial of reh'g, 583 F.2d 779 (5th Cir. 1978). In addition, the plaintiff must prove that the defendants reached an understanding to deny the plaintiff's rights. See Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir. 1990).

Hadley v. Gutierrez, 526 F.3d 1324, 1322 (11th Cir. 2008).

Here, Plaintiff fails to allege what underlying constitutional right was infringed by the alleged conspiracy to cover-up the use of excessive force and resulting injuries. In Hadley, the plaintiff alleged that the Defendants conspired to cover-up their use of excessive force by falsifying police reports in violation of his rights under the Eighth and Fourteenth Amendments, and the Eleventh Circuit addressed this claim as follows:

> Hadley fails to explain what constitutional right the alleged cover-up infringed. We can imagine some possibilities. Covering up the use of excessive force may hinder a criminal defendant's access to the

5

>courts to redress a constitutional violation, a right protected by several constitutional provisions. See Chappell v. Rich, 340 F.3d 1279, 1282-83 (11th Cir. 2003) (right secured by Article IV's Privileges and Immunities Clause, First Amendment, Fifth Amendment, and Fourteenth Amendment). Or, the cover-up may prevent exculpatory or impeaching evidence from reaching the desk of the state prosecutor, a denial of the defendant's due process rights under the Fourteenth Amendment. See McMillian v. Johnson, 88 F.3d 1554, 1567-68 (11th Cir. 1996). Hadley does not contend that the alleged cover-up prevented him from seeking redress for a constitutional violation, or that the cover-up denied the state prosecutor access to exculpatory or impeaching evidence.
>
>Hadley has the burden to show an actual denial of his constitutional rights underlying the cover-up conspiracy. It is not our job to divine a constitutional violation to support Hadley's conspiracy claim. We are left completely in the dark about the constitutional basis for the claim. His complaint contains no explanation of which rights protected by the Fourteenth Amendment were infringed. And, tellingly, neither Hadley's pro se brief (Pl.'s Initial Br. at 11-12) nor his appointed counsel's brief (Pl.'s Supp. Br. at 20-21) cites a single conspiracy case. Hadley has wholly failed to establish a constitutional basis for asserting a conspiracy claim sufficient to withstand summary judgment.

Hadley, 526 F.3d at 1332-33.

Here, too, Plaintiff has neither alleged nor shown an actual denial of his constitutional rights underlying the alleged cover-up conspiracy. Although he, like Hadley, contends the cover-up conspiracy denied him his rights under the Eighth Amendment, "[t]he Eighth Amendment prohibition of cruel and unusual punishment

6

requires prison conditions to meet a certain constitutional minimum. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). One such constitutional minimum is that prison officials must not engage in the 'unnecessary and wanton' infliction of pain. Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)." Reid v. Sec'y, Fla. Dep't of Corr., 486 F. App'x 848, 851 (11th Cir. 2012) (per curiam). Plaintiff has not explained, nor can this Court discern, how the Defendants' alleged cover-up conspiracy resulted in such a wonton infliction of pain.

In any event, Plaintiff has failed to present sufficient evidence from which the Court can discern an agreement between the Defendants to cover-up the use of excessive force and resulting injuries. See Motion for Summary Judgment at 22-24. Thus, Plaintiff's conspiracy claim will be dismissed.[4]

### C. 42 U.S.C. § 1997e(e)

Defendants contend that Plaintiff has not suffered an injury sufficient to withstand 42 U.S.C. § 1997e(e).

---

[4] Defendants claim thy are entitled to qualified immunity with respect to the conspiracy claim. "Qualified immunity shields government officials acting within their discretionary authority from liability unless the officials 'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Franklin v. Curry, 738 F.3d 1246, 1249 (11th Cir. 2013) (per curiam) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Here, Defendants are entitled to qualified immunity because Plaintiff has failed to show an actual denial of his constitutional rights underlying the alleged cover-up conspiracy.

7

> Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This statute is intended to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints. See Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000) (en banc) (surveying the legislative history of the PLRA). An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court, allowing the prisoner to bring his claim once released and, presumably, once the litigation cost-benefit balance is restored to normal. Id. at 980.
>
> Tracking the language of the statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody. In Harris, we decided that the phrase "Federal civil action" means all federal claims, including constitutional claims. 216 F.3d at 984-85.

Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002).

Here, Plaintiff is bringing a federal civil action, he is a prisoner, and he is seeking compensatory and punitive damages. However, Plaintiff also requests "any other relief Plaintiff may be entitled to." SAC at 11. Liberally construed, such a prayer for relief could include a request for nominal damages. See Hale v. Sec'y for Dep't of Corr., 345 F. App'x 489, 492 (11th Cir. 2009) (per curiam) (finding that "[t]he district court erred when it

8

found that [the plaintiff] was not seeking nominal damages because it failed to construe his pro se pleadings liberally").

The extent of Plaintiff's injuries are in dispute. However, even assuming arguendo that Plaintiff's injuries are de minimis, construing Plaintiff's SAC liberally, Plaintiff could still be entitled to nominal damages if he prevailed at trial. Thus, 42 U.S.C. § 1997e(e) does not provide a basis for dismissing this case at this time.

Therefore, it is now

**ORDERED:**

1. Defendants' Motion for Summary Judgment (Doc. #68) is **GRANTED** only to the extent that Plaintiff's conspiracy claim is hereby **DISMISSED**. Judgment to that effect will be withheld pending adjudication of the action as a whole. See Fed. R. Civ. P. 54.

2. Defendants' Motion for Summary Judgment (Doc. #68) is **DENIED** in all other respects.

3. Defendants shall answer or otherwise respond to Plaintiff's Second Amended Complaint (Doc. #51) within **THIRTY (30) DAYS** from the date of this Order.

**DONE AND ORDERED** at Jacksonville, Florida this 25 day of February, 2014.

United States District Judge

ps 2/10
c:
Akeem Muhammad
Counsel of Record